UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| PHILIP M. SEBOLT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA in its official )<br>capacity, )<br>)<br>Defendant. ) | No. 2:20-cv-00009-JMS-MJD |

**Order Overruling Objections to Magistrate Judge's Orders**

Plaintiff Philip Sebolt alleges that the United States provided negligent dental care while he was incarcerated at FCI Terre Haute. Before the Court are Mr. Sebolt's objections to two of the magistrate judge's Orders which denied his motions for extensions of certain deadlines. Mr. Sebolt's motions for extension of time to file the objections, dkts. [120] and [123], are **granted**, and the Court proceeds to the merits of the objections.

### I. Background

Mr. Sebolt has been granted multiple extensions of time and has been warned that further requests will be summarily denied. The Court summarized the history of Mr. Sebolt's requests for extensions in this case in its March 7, 2022, Order Overruling Objection after Mr. Sebolt objected to the Court's denial of his fourth motion for extension of time:

> A pretrial schedule was issued on May 12, 2020, and since then Mr. Sebolt sought and was granted several extensions of the pretrial schedule deadlines. Dkt. 46 (pretrial schedule); dkt. 53 (July 15, 2020, order extending deadlines); dkt. 68 (February 9, 2021, order extending deadlines); dkt. 71 (July 26, 2021, order extending deadlines); dkt. 82 (November 18, 2021, order extending deadlines). In the July 26, 2021, order, the Court noted that the parties "have had an immensely generous discovery window, even considering the logistics of the pandemic and Mr. Sebolt's imprisonment." Dkt. 71 at 1. The Court told Mr. Sebolt he must make every reasonable effort to complete the discovery he needs and said, "If certain avenues of discovery are not available for *any* reason, Mr. Sebolt must plan

accordingly and be prepared to attempt to obtain his needed information from other sources or support his claims with different evidence." *Id.* The Court warned Mr. Sebolt that no further enlargements would be granted. *Id.* at 2. Despite this warning, on November 18, 2021, the Court provided Mr. Sebolt one more extension and told him that additional extension requests would be summarily denied. Dkt. 82.

On January 31, 2022, Mr. Sebolt filed his fourth motion for extension of time. Dkt. 91. In the motion, he cited cancellations of movement to the prison's education department where he has access to a typewriter, a temporary move to another housing unit, a two-week lockdown in December 2021, and "various unexplained one to two day institutional lockdowns." *Id.* at 2. He needed the additional time because he was finalizing questions for a deposition by written questions of the defendant's dental expert, Dr. Oldham. The Court denied the motion, citing to its July and November orders and finding that no further enlargement of the case deadlines was justified. Dkt. 93.

Dkt. 96. The Court concluded that the magistrate judge did not clearly err when he denied Mr. Sebolt's fourth motion for extension of time because of the Court's firm and explicit warnings that no further extensions would be granted; Mr. Sebolt had received Dr. Oldham's expert opinion on January 15, 2021, giving him plenty of time to prepare a deposition by written questions; and the challenges he faced (lack of typewriter, lockdowns, etc.) were commonly encountered by incarcerated litigants. *Id.* This background provides context for Mr. Sebolt's current objections.

## II. Current Objections

Mr. Sebolt objects to two Orders. His first objection, dkt. [121], challenges the April 20, 2022, Order Denying Motion to Reopen Discovery for the purpose of deposing the United States' expert, dentist Dr. Oldham, dkt. [112]. The second objection, dkt. [124], challenges the magistrate judge's June 15, 2022, Order Denying Motion for Extension of Time to File Response to the Motion for Summary Judgment and Motion to Reopen Discovery, dkt. [119].

Because these orders are not dispositive, they are reviewed for clear error. *Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 594 (7th Cir. 2006); 28 U.S.C. § 636(b)(1)(A). "Clear error is an extremely deferential standard of review" and is only found when the reviewing court "is left with

the definite and firm conviction that a mistake has been committed." *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006) (cleaned up).

The Court concludes that the magistrate judge made no mistake. "A [pretrial] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). District courts must enforce deadlines in order to effectively manage cases. *Wine & Canvas Devel., LLC v. Muylle*, 868 F.3d 534, 539 (7th Cir. 2017). The Federal Rules permit extensions only when a party failed to act "because of excusable neglect." *Flint v. City of Belvidere*, 791 F.3d 764, 768 (7th Cir. 2015). "Neglect is generally not excusable when a party should have acted before the deadline, or when the party's lack of diligence is to blame for its failure to secure discoverable information." *Id.* (internal citations omitted).

In his first objection, Mr. Sebolt challenges the April 20, 2022, Order Denying Motion to Reopen Discovery for the purpose of deposing the United States' expert, dentist Dr. Oldham, dkt. [112]. Mr. Sebolt alleges that he could not prepare his deposition by written questions for Dr. Oldham because he had only recently learned some of the relevant information upon receiving the United States' responses to his second set of interrogatories (which, the Court notes, he was only able to obtain because the Court provided him an extension of time to serve them). Dkt. 121 at 3−4. This does not constitute excusable neglect. The Court had warned Mr. Sebolt in July 2021 that he must use all reasonable means to obtain the evidence he needed in support of his case by the November 2021 discovery deadline (which was itself the product of an extension). Dkt. 71. Mr. Sebolt ultimately received an additional extension for the discovery deadline through February 2022, and was warned that "any further motion to enlarge the case deadlines will be summarily denied." Dkt. 82. Mr. Sebolt did not heed this explicit warning. Further, this is not a case where

the discovery was particularly complex, and Mr. Sebolt does not argue that the delay was attributable to any dilatory acts by the defendant. His first objection is therefore **overruled**.

Mr. Sebolt's second objection pertains to the Court's June 15, 2022, Order denying his motion to extend the deadline for his response to the motion for summary judgment and to reopen discovery. The defendant filed the motion for summary judgment on March 11, 2022. Dkt. 97. In an April 5, 2022, the Court sua sponte extended Mr. Sebolt's deadline to respond to the motion for summary judgment to May 5, 2022, and stated, "No further enlargement of that deadline is anticipated." Dkt. 109.  In his motion for time, Mr. Sebolt stated that he needed an extension of time to respond to the motion for summary judgment because he had not received the motion for summary judgment until April 8, 2022, or the Court's order extending the deadline until April 22, and the prison was locked down until April 26. Dkt. 118 at 1−2. Additionally, Mr. Sebolt noted that he could not meaningfully respond to the motion until he had time to depose Dr. Oldham. *Id.* at 3. The Court denied the motion because Mr. Sebolt provided no explanation for waiting until May 4—the day before the deadline to respond to the summary judgment motion—to prepare his motion for extension and therefore did not show diligence. Dkt. 119 at 2 (citing *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011)). The Court also noted that his request to reopen discovery was "a nonstarter in light of the Court's repeated admonishments" that no further extensions would be permitted. *Id.* The magistrate judge did not err when he concluded that Mr. Sebolt had not shown good cause to receive yet another extension. This objection is **overruled**.

### III. Conclusion

Mr. Sebolt's motions for extension of time to file objections, dkts. [120] and [123], are **granted**, and the Court has considered his objections. Because he has not shown that the magistrate judge clearly erred, his objections are **overruled**.

**IT IS SO ORDERED.**

Date: 10/18/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

PHILIP M. SEBOLT
14682-424
TUCSON - USP
TUCSON U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 24550
TUCSON, AZ 85734

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov